United States District Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| THOMAS JUNIOR ELOY | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-1687 |
| | § | |
| WARDEN, D. COLE *et al.* | § | |

**ORDER**

Petitioner's Motion to Proceed *in Forma Pauperis* ("IFP") (Dkt. No. 2) is **REFERRED** to United States Magistrate Judge Diana Song Quiroga. If Judge Song Quiroga finds that the IFP application should be granted, she may issue an order to that effect; but if she finds that it should be denied, she shall issue a report and recommendation.[1] *See Sealed Appellee v. Sealed Appellant*, No. 21-10427, 2022 WL 597249, at *1 (5th Cir. Feb. 28, 2022) (describing a magistrate judge's authority to handle referred pretrial matters).

It is so **ORDERED**.

**SIGNED** September 29, 2026.

Marina Garcia Marmolejo
United States District Judge

[1] A report and recommendation for a recommended denial is appropriate, given that "[s]everal federal appellate courts have explicitly held that magistrate judges lack the authority to deny motions to proceed IFP." *Cherry v. Ruiz*, No. DR-21-CV-046-AM-CW, 2022 WL 21712817, at *1 n.1 (W.D. Tex. Apr. 13, 2022) (first citing *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); and then citing *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990)) (recommending IFP application be denied), *report and recommendation adopted*, No. DR-21-CV-0046-AM-CW, 2022 WL 21712662 (W.D. Tex. May 11, 2022). The Fifth Circuit has held that "magistrate judges lack the authority to deny motions to proceed IFP on appeal" absent the parties' consent for the magistrate judge to conduct proceedings under 28 U.S.C. § 636(c)(1). *Id.* (citing *Donaldson v. Ducote*, 373 F.3d 622, 624–25 (5th Cir. 2004)). Accordingly, the Court finds that, in the event the magistrate judge finds the application should be denied, the best course is to issue a report and recommendation. *See, e.g., Willms v. United States*, No. 3:14-CV-3354-G BK, 2015 WL 1133908, at *1 (N.D. Tex. Mar. 12, 2015) (recommending denial of IFP application); *but see Wilson v. Becker*, No. CIV.A. 07-7157, 2007 WL 4644647, at *1 (E.D. La. Nov. 5, 2007) (describing IFP application as "a non-dispositive pretrial matter").